**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 6115187 CANADA, INC., d/b/a ImmerVision, INC. <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG TECHWIN AMERICA, SAMSUNG TECHWIN CO., LTD, AND KLM MARKETING, LLC <br><br> *Defendants.* | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff 61151871 Canada, Inc. d/b/a ImmerVision, Inc. ("ImmerVision"), by and through its undersigned counsel, files this complaint against Defendants Samsung Techwin America, Samsung Techwin Co., Ltd. and KLM Marketing, LLC (collectively referred to herein as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, specifically for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, §§ 1 *et seq*.

## THE PARTIES

2. Plaintiff ImmerVision is a Canadian corporation, assigned Canadian Federal Corporation Number 6115187, having a principal place of business at 2020 Robert-Bourassa Boulevard, Suite 2320, Montreal, Quebec H3A 2A5, Canada.

{00831136;v1}

3. Upon information and belief, defendant Samsung Techwin America ("STA") is a New Jersey corporation having an address of 100 Challenger Rd., Suite 700, Ridgefield, NJ 07660.

4. Upon information and belief, defendant Samsung Techwin Co., Ltd ("STC") is a South Korean corporation having a principal place of business at R&D Center, 701, Sampyeong-Dong, Bundang-Gu, Seongnam-Si, Gyeonggi-Do, 463,400, Republic of Korea.

5. Upon information and belief, defendant KLM Marketing, LLC ("KLM") is a Virginia limited liability company having a principal place of business at 8189 Angela Nicole Lane, Mechanicsville, VA 23111.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331-32 and 1338(a).

7. This Court has personal jurisdiction over the Defendants at least because Defendants have substantial, continuing, and on-going contacts with the State of Delaware and this judicial district and Defendants have and continue to sell the products at issue in this case into the State of Delaware and this judicial district.

8. Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§ 1391(b)-(d) and § 1400(b) in that acts of patent infringement occurred in this judicial district.

## FACTS

9. Plaintiff Immervision is the worldwide leader in 360° panoramic imaging. Immervision licenses its patented optical and software technology to global lens producers, product manufacturers and software developers for panomorphic lenses, imaging and solutions.

10. On November 12, 2003, Jean-Claude Artonne, Christophe Moustier, and Benjamin Blanc ("the Inventors"), filed U.S. Patent Application No. 10/706,513 ("'513

application"). In November and December, 2003, the Inventors assigned their interest in and to the '513 application and all divisionals, continuations, substitutes, renewals, reissues, and reexaminations thereof and any patents that issued therefrom to ImmerVision and this assignment was recorded in the United States Patent and Trademark Office ("PTO") on March 15, 2004 at Reel 015071, beginning at Frame 0574.

11. On January 18, 2005, U.S. Patent No. 6,844,990 ("the '990 patent") was issued by the PTO based on the '513 application. A copy of the '990 patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

12. On November 26, 2014, ImmerVision requested *ex parte* reexamination of the '990 patent and the request received Reexamination Control No. 90/013,410.

13. On May 8, 2015, an *Ex Parte* Reexamination Certificate (10588th) was issued by the PTO for the '990 patent. A copy of the *Ex Parte* Reexamination Certificate (10588th) for the '990 patent is attached hereto as Exhibit B and is incorporated by reference as if fully set forth herein.

14. The '990 patent is valid and enforceable. The term of the '990 patent will expire on or about May 10, 2022.

15. The '990 patent discloses and claims various novel and unique features relating to panoramic objective lenses and methods for capturing a digital panoramic image involving projection of a panorama onto an image sensor using a panoramic objective lens and displaying a corrected version of the captured image.

16. Plaintiff ImmerVision is the assignee of all right, title, and interest in and to the '990 patent and possesses all rights of recovery under the '990 patent, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

17. On August 1, 2011, Defendant STC executed an ImmerVision *Enables*® Software and Trademark License Agreement ("2011 Agreement"), wherein Plaintiff ImmerVision granted Defendant Samsung Techwin, Co., Ltd. the right to use ImmerVision's proprietary algorithms to remove distortion of panoramic video stream and panoramic still images captured or projected by panomorph lenses and to use ImmerVision's trademarks.

18. In the 2011 Agreement, Defendant STC agreed not to do anything to infringe upon or harm ImmerVision's patents.

19. On February 27, 2015, Defendant STC and Plaintiff Immervision executed a mutual Non-Disclosure Agreement ("NDA") to enter into discussions for evaluating business and technical information in relation to ImmerVision Enables® 2.0 License Agreement, and in which it acknowledged ImmerVision's ownership in its proprietary panoramic imaging technology including products, software, know-how, trade secrets and technology that enables (i) to capture or project video stream and still panomorph images, (ii) to create, encode and read markers onto panomorph images, and (iii) to correct, remove, control or modify the distortion of panomorph images and enable panoramic functionality.

20. On March 13, 2015, Defendant STC executed an ImmerVision *Enables*® 2.0 License Agreement ("2015 Agreement"), wherein Plaintiff ImmerVision granted Defendant Samsung Techwin, Co., Ltd. the right to incorporate ImmerVision's proprietary algorithms into (i) Samsung Techwin, Co., Ltd.'s capture device certified by ImmerVision to create markers and add them onto licensed panomorph images and (ii) Samsung Techwin, Co., Ltd.'s viewing and recording solution certified by ImmerVision to read markers and correct, remove, control or modify the distortion of licensed panomorph images and to use specific ImmerVision trademarks with certified products.

21. In the 2015 Agreement, Defendant STC agreed not to do anything to infringe upon or harm ImmerVision's patents.

22. Upon information and belief, for all times relevant to this Complaint, Defendants have been making, using, selling or offering to sell products covered by one or more of the claims of the '990 patent and continue to do so to this day. By way of example, these products include, but are not limited to: an SNF-8010/SNF-8010VM network camera using panoramic objective lenses ("Initially Accused Product") (what STC alleges is a "fisheye" lens). A copy of a Samsung Techwin Network Camera User Manual, SNF-8010/SNF-8010VM is attached hereto as Exhibit C and a Samsung Techwin SNF-8010/8010VM 5Megapixel Fisheye Camera Datasheet is attached hereto as Exhibit D.

23. Upon information and belief, Defendant KLM is a distributor for STA and STC of the Initially Accused Product in the State of Delaware. A copy of a KLM webpage identifying Samsung security cameras for sale is attached hereto as Exhibit E. The KLM webpage provides a link to STA's Download Center, which lists the Initially Accused Product. A copy of the STA Download Center webpage is attached hereto as Exhibit F.

24. A sample of the Initially Accused Product was purchased in for delivery to the State of Delaware on January 4, 2016.

25. On information and belief, the Defendants knew or should have known that the Initially Accused Products would be and are placed into the stream of U.S. commerce and actively offered for sale or sold to residents in the State of Delaware.

26. The Initially Accused Products entered into the stream of U.S. commerce by the Defendants and offered for sale or sold to residents in the State of Delaware do not have any substantial non-infringing uses.

27. Plaintiff ImmerVision has complied with the notice provisions of 35 U.S.C. § 287 by steps including marking and having its licensees mark ImmerVision's patent numbers upon relevant products and, therefore, for this additional reason, Defendants have had at relevant times actual or constructive knowledge of ImmerVision's patents.

## COUNT I
## INFRINGEMENT OF THE '990 PATENT

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth herein.

29. The claims of the '990 patent are presumed valid pursuant to 35 U.S.C. § 282.

30. Upon information and belief, Defendants have been and are currently infringing one or more of claims of the '990 patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering to sell, selling or importing into the United States, without license or authority, at least the Initially Accused Products, which are covered by one or more of the claims of the '990 patent, including at least claims 5, 27, 32, 36, 38-40 and 47. Upon information and belief, the Initially Accused Products include a panoramic objective lens having a set of lenses configured to project a panorama into an image plane of the objective lens, wherein the panoramic objective lens has an image point distribution function that is not linear relative to a field angle of objective points of the panorama with the distribution function having a maximum divergence of at least +/- 10% compared to a linear distribution function and the Initially Accused Products are utilized to capture digital panoramic images in accordance with the '990 patent.

31. Upon information and belief, Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '990 patent by making, using, offering for sale, importing, and selling the Initially Accused Products,

as well as by contracting with others to use, market, sell, offer to sell, and import the Initially Accused Products, all with knowledge of the '990 patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the Initially Accused Products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the Initially Accused Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

32.   Upon information and belief, Defendants have also contributed to the infringement by others, including the end users of the Initially Accused Products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the Initially Accused Products into the United States, knowing that those products constitute a material part of the inventions of the '990 patent, knowing those products to be especially made or adapted to infringe the '990 patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

33.   Upon information and belief, Defendants have willfully infringed upon one or more of the claims of the '990 patent through use, manufacture, offer for sale, sale and/or importation of the Initially Accused Products.

34.   As a result of Defendants' willful infringement of the '990 patent, Plaintiff ImmerVision has been damaged to an extent not yet determined.

35.   Plaintiff ImmerVision is entitled to monetary damages adequate to compensate Plaintiff ImmerVision for infringement by Defendants of the '990 patent and is entitled to increased damages under 35 U.S.C. § 284, together with interest, costs and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ImmerVision, Inc. prays for judgment in its favor and against defendants STA, STC and KLM Marketing for the following:

(a) A judgment that Defendants have infringed the '990 patent;

(b) A decree that Defendants infringement of the '990 patent was willful and deliberate;

(c) An award to Plaintiff ImmerVision of damages that are adequate to fully compensate it for Defendants' infringement of the '990 patent, together with prejudgment interest and costs, including enhanced damages for any willful infringement under 35 U.S.C. § 284;

(d) An accounting and payment by Defendants to Plaintiff ImmerVision of all profits realized by Defendants during the period beginning from six years prior to commencement of the present action up to expiration of the term of the '990 patent from the unlawful acts complained of herein pursuant to 35 U.S.C. § 289;

(e) a permanent injunction enjoining Defendants and those in active concert or participation therewith, from infringing the '990 patent;

(f) A finding that this case is exceptional and award Plaintiff ImmerVision its costs, reasonable attorneys' fees, and expenses in this action;

(g) An accounting for damages arising from the infringement of the '990 patent by Defendants (and those in privity with Defendants), including, but not limited to, those sales not presented at trial and an award by the Court for any such sales; and

  (h) An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: 01/04/2016        **PANITCH SCHWARZE BELISARIO & NADEL, LLP**

                By:/s/ John D. Simmons
                  John D. Simmons (Bar No. 5996)
                  Dennis J. Butler (Bar No. 5981)
                  Wells Fargo Tower
                  2200 Concord Pike, Suite 201
                  Wilmington, DE 19803
                  Telephone: (302) 394-6030
                  jsimmons@panitchlaw.com
                  dbutler@panitchlaw.com

                *Attorneys for Plaintiff, Immervision, Inc.*